MEMORANDUM *
Mieko Jackson appeals her conviction and sentence on charges that she conspired to distribute pseudoephedrine knowing and having reasonable cause to believe that it would be used to manufacture methamphetamine, and to aid and abet the manufacture of methamphetamine (count one); conspiracy to launder money (count five); and money laundering (counts eight-eleven). She raises a number of issues, none of which requires reversal except for sufficiency of the evidence to sustain her conviction on count one. We reverse as to that count, which moots her claims of instructional error and the sentencing issues that pertain only to count one, and otherwise affirm.
Jackson argues there is no evidence that she knew or intended that pseu-doephedrine was to be used to manufacture methamphetamine. Under United States v. Johal, 428 F.3d 823 (9th Cir. 2005), the standard for conviction is “reasonable cause to believe” that the pseu-doephedrine would be used to make an illegal drug. Id. at 826. The government points out that Jackson transported and unloaded pseudoephedrine, converted cash into money orders, and allowed cash to be deposited into her account. While the jury could find beyond a reasonable doubt that Jackson knew she was helping Miz-yed handle pseudoephedrine, and that she was receiving a large amount of cash for it — thus that it was being used for some illicit activity — there is no evidence from which the jury could reasonably infer that she knew of any connection between pseu-doephedrine and methamphetamine. Cf, e.g., Johal, 428 F.3d at 826 (noting that the defendant knew the undercover agent wanted pseudoephedrine because “he was a cook” and “wanted to make crystal”). The government did not ask for a “deliberate ignorance” instruction, and none was given. Accordingly, we conclude that the evidence was insufficient to show that Jackson conspired with Mizyed and others to distribute pseudoephedrine having reasonable cause to believe that it would be used to manufacture methamphetamine. Her conviction and sentence on count one are, therefore, reversed.
To the extent Jackson claims that instructional error on the conspiracy count spilled over to the jury’s determination of the proper level of scienter for money laundering, we disagree. Jackson doesn’t challenge the money laundering instructions themselves. These instructions are not plainly erroneous, as money laundering only requires knowledge of proceeds from some unlawful activity — not activity that is methamphetamine-related. 18 U.S.C. § 1956(a)(1). Jackson’s sufficiency challenge fails given testimony by Wallace, Sarabia, and Mizyed that she knew the money received from Mizyed involved the proceeds of unlawful activity, and that the money he gave her to obtain money orders and pay his bills was an attempt to conceal the source of those funds.
Jackson also faults introduction of extrajudicial facts related to the guilty pleas of Mirlo Paez-Calderon and Kimberly East-erling. Jackson did not object in district court, so our review is for plain error. Even assuming Crawford error,[1] reversal is not indicated. Evidence of Jackson’s guilt, apart from what Paez-Calderon and Easterling had to say, is strong: Mizyed *6 had told Jackson he was hiding money, and she shuffled money he gave her knowing it was the proceeds of some kind of unlawful activity.
In light of our reversal on count one, it doesn’t matter whether the district court improperly denied Jackson the benefit of the safety valve or whether the special jury verdict form was infirm, as Jackson claims, for both are germane only to the conviction and sentence on that count. We remand to the district court with instructions to vacate the conviction and sentence on count one, and to resentence on the remaining counts.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Crawford v. Washington, 541 U.S. 36, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).